**In the Matter of C.R. DRUSE, SR., LTD., Partnership, Debtor.**

**Bankruptcy No. BK87–346.**

United States Bankruptcy Court, D. Nebraska.

Feb. 5, 1988.

William Biggs, Omaha, Neb., for debtor.

Steve Russell, Ass't U.S. Atty., Lincoln, Neb., Loren Mark, Atty., Dept. of Justice, Washington, D.C., for the IRS.

Richard Lydick, Omaha, Neb., Chapter 12 trustee.

## MEMORANDUM OPINION

TIMOTHY J. MAHONEY, Bankruptcy Judge.

A hearing on confirmation of C.R. Druse, Sr., Ltd.'s, ("debtor") Chapter 12 plan was heard on September 25, 1987. Appearing on behalf of debtor was William Biggs; the Internal Revenue Service ("IRS") was represented by Steve Russell and Loren Mark. Following the hearing, all parties were requested to submit briefs addressing the legal issues raised at the hearing.

### Statement of Facts

Charles M. Druse died on January 14, 1977. The executor of his estate elected a special use valuation of the estate property as permitted by Section 2032A of the Internal Revenue Code ("IRC"). This special use valuation lowered considerably the total amount of estate taxes due because Section 2032A allows the estate property to be valued pursuant to its actual use rather than its market value. The executor also elected installment payments of the estate tax liability as permitted by Section 6166 of the IRC. Section 6166 of the IRC permits payment of interest only on the tax due for five years followed by installments of principal and interest over a ten-year period.

Section 6324 of the IRC created an automatic lien upon decedent's gross estate for ten years after his death in an amount equal to the total estate tax due.

This special use property was transferred to decedent's transferees and beneficiaries by means other than decedent's will. For example, part of the property was held by decedent in joint tenancy. Upon decedent's death, ownership vested in the survivor. Other portions of the special use property had been transferred by decedent prior to his death, but he retained a life estate in the property.

So that an estate as taxpayer does not avoid estate tax on these types of property transfers, Congress enacted Sections 2034 to 2042 of the IRC. These sections bring certain types of property transfers by decedent, like the two preceding examples—which transfers are not a result of decedent's will or of statutory intestate succession—back into decedent's gross estate for estate tax purposes.

Sometime after decedent's death, decedent's transferees transferred the special use property, which had been included in decedent's gross estate by operation of Sections 2034 to 2043, to debtor.

In 1980, debtor mortgaged a portion of this property to the Federal Land Bank and in early 1983 mortgaged another parcel to the Home Federal Savings and Loan. Subsequent to the granting of these security interests, on July 21, 1983, the IRS filed Section 6324B liens on portions of the estate property. A Section 6324B lien encumbers property in an amount equal to the additional estate tax that would be payable if the property were valued at its market value rather than valued according to its present use.

On January 8, 1987, the IRS filed notice of a Section 6321 lien against the estate of Charles M. Druse in various Nebraska county offices and in February of 1987 filed notice against the heirs/transferees of the estate. Section 6321 of the IRC authorizes a lien on all property of a taxpayer who neglects or refuses to pay, after demand, any tax due. No notice of Section 6321 liens were filed against debtor. However, a Section 6331 notice of seizure of debtor's property was filed by the IRS. Debtor Exhibit No. 4. Section 6331 of the IRC, if certain requirements are met, allows the IRS to seize and sell property of a taxpayer if the taxpayer neglects or refuses to pay tax due. Before the seizure can occur, Section 6331 requires the IRS to make demand on the taxpayer to pay within ten days. The notice can be waived if the Secretary finds the collection of the tax is in jeopardy. In the instant case, debtor, the taxpayer, received no ten-day demand to pay.

On February 9, 1987, debtor filed its Chapter 12 petition for relief. Debtor's plan proposes that a parcel of debtor's property, which debtor claims is unencumbered by any liens or security interests, become security for the tax deferred under Section 6166.[1] Except for this particular parcel, debtor's plan extinguishes all other IRS liens. Debtor contends that the IRS is junior in priority to other security holders and, therefore, the land value is insufficient to satisfy the IRS liens. The plan also provides for payment of the estate tax over a period longer than that allowed under Section 6166 of the IRC.

### Issues Presented

I. Whether the IRS has either a Section 6324 or 6324B estate tax lien or a Section 6321 general tax lien on any portion of debtor's property?

II. Whether the IRS has priority in relation to secured creditors if the IRS does have valid liens?

III. Whether debtor's Chapter 12 plan can modify the estate tax payment schedule required by the IRS?

IV. Whether the Court may permanently extinguish a lien on property if the lien is valueless?

V. Whether the IRS properly seized debtor's property as authorized by Section 6331 of the IRC?

VI. Whether debtor can grant a lien on unencumbered property?

### Analysis

#### I

(a). Section 6324 lien.

Section 6324 of the IRC authorizes an automatic lien on a decedent's gross estate for a period of ten years from decedent's date of death for the amount of estate tax due. The IRS asserts that this ten-year period can be tolled in certain situations, which the IRS argues, have occurred in the instant case. Debtor contends, however, that the ten-year period is absolute in duration, causing the lien to expire on January 14, 1987—ten years after Charles M. Druse's death. Further, debtor points out that, even if the ten-year period has been tolled, Section 6324(a)(2) of the IRC divests the Section 6324 lien from property transferred to a purchaser or holder of a security interest if such property was acquired by the transferor under Sections 2034 to 2042 of the IRC.

The Court agrees with debtor that the language of Section 6324(a)(2) of the IRC which provides that any "property included in the gross estate under Sections 2034 to 2042 ... transferred by ... such spouse, transferee ... or beneficiary, to a purchaser or holder of a security interest shall be divested of the [Section 6324] lien" is applicable. The parties do not dispute that debtor's property was included in decedent's gross estate by operation of Sections 2034 to 2042. The plain language of the statute states that if the Sections 2034 to 2042 property is transferred to a security interest holder, the Section 6324 lien is divested. The IRS provides no case law to interpret Section 6324(a)(2) otherwise.

---

**1.** Debtor's appraisal values this parcel at $86,-320. Debtor's Brief at 9.

Therefore, although debtor and the IRS provided to the Court excellent analyses of the differing judicial interpretations of the ten-year duration requirement of the Section 6324 lien, the Court finds it unnecessary to evaluate this conflicting decisional law. The IRS argument that the security holders have priority only if they had no notice of the Section 6324 lien also need not be addressed.

When debtor entered into the security agreements with the Federal Land Bank and Home Federal Savings and Loan, the property subject to these security agreements became divested of the Section 6324 lien by operation of Section 6324(a)(2). Moreover, any property against which a Section 6324B lien is filed is divested of the Section 6324 lien regardless of whether the property was Section 2034 to 2042 property. *See, infra,* ¶ (b).

(b). Section 6324B lien.

■ A Section 6324B lien is a lien attaching to property in an amount equal to the additional estate tax that would be imposed if the property were not used for the qualified use or if the qualified heir or transferee disposed of the property (other than to a family member) within ten years after decedent's death. *See* I.R.C. §§ 2032A(c)(1)(A) and 6324B.

Debtor does not dispute the existence of the Section 6324B liens. These liens were filed by the IRS in July 1983, subsequent to the perfection by the secured parties. If the IRS were to assert only the Section 6324B liens, the IRS would be junior in priority on any of debtor's property that is encumbered by security interests perfected prior to July, 1983.

But even if the IRS were to maintain successfully the validity of its Section 6324 lien, which is contrary to the Court's finding in paragraph (a), debtor argues that Section 6324B(c)(1) extinguishes the Section 6324 lien. Section 6324B(c)(1) states: "The rule set forth in paragraphs (1), (3) and (4) of section 6324A(d) shall apply [to a Section 6324B lien]."

Turning to Section 6324A, Subsection (d)(4) provides: "If there is a lien under this section on any property with respect to any estate, there shall not be any lien under section 6324 on such property with respect to the same estate." Accordingly, once the 6324B lien was filed, the 6324 estate tax lien no longer existed by the plain language of Sections 6324B(c)(1) and 6324A(d)(4), although in this case it had already been divested by operation of Section 6324(a)(2) discussed in paragraph (a). The IRS provides no case law interpreting subsection (d)(4) otherwise.

Consequently the only valid IRS lien on debtor's property is the Section 6324B lien. Because it was filed in July, 1983, holders of security interests perfected prior to July, 1983, have priority.

(c). Section 6321 lien.

Section 6321 of the IRC permits a lien on a taxpayer's property if the taxpayer, after demand, does not pay any tax due. However, no notice of the Section 6321 liens were filed against taxpayer/debtor. IRS brief at 12. For purposes of this decision, therefore, the Court finds no Section 6321 liens on debtor's property.

## II

■ Based on the discussion in paragraphs (a)-(c), the Court finds that the Section 6324B liens are the only valid liens on debtor's property. Because these liens were filed on July 21, 1983, subsequent to the perfection by the other claimants, the IRS claim is junior in priority to those claimants.

## III

■ The IRS claims that because the use of the estate property has changed and portions have been disposed of, the property no longer qualifies for the Section 2032A special use valuation nor for the Section 6166 installment tax payments. Thus, the entire debt, the IRS contends, is accelerated, and the tax due is calculated based on the value of the estate without utilization of the special use valuation permitted in Section 2032A.

Debtor denies these claims. Debtor contends that, regardless of whether the installment payments permitted under Section 6166 are accelerated or whether the estate tax is recalculated based on the market value of the property, Section 1222 of the Bankruptcy Code permits modification of the payment schedule of the estate tax due.

Whether debtor has lost the special use valuation permitted by IRS Section 2032A or whether the IRS can properly accelerate the estate tax owing is not before the Court. But, independent of how much estate tax is due and when it is due, Section 1222(b)(9) of the Bankruptcy Code [2] permits the Court to approve Chapter 12 plans containing a payment schedule over a period greater than the three to five years permitted by Section 1222(c) for allowed unsecured claims.[3] Moreover, as debtor correctly points out, Section 1222(b)(2) permits the plan to "modify the rights of holders of secured claims, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims." 11 U.S.C. § 1222(b)(2) (1987). The Court finds no legal or factual reason to exempt the IRS from this provision. Therefore, debtor's plan may provide for a payment period for the IRS allowed secured claim different from whatever time period the IRS claims is applicable. That period may exceed five years. 11 U.S.C. § 1222(b)(9) (1987). *See also* 11 U.S.C. § 1225(a)(5) (1987).

## IV

■ Debtor's plan extinguishes the IRS liens. Debtor asserts that because the IRS liens are junior to those of the other secured creditors [4] and because the land value of the encumbered properties is less than the debt owed to the superior claimants, the IRS liens are of no value and may be extinguished. The IRS argues that, although its lien may be valueless now, the

property's value will increase over the lifetime of the plan. Such increase in value, once the senior interests are satisfied, should accrue to the IRS, not to debtor.

Section 506 of the Bankruptcy Code governs the determination of secured status. Section 506 provides:

(a) An allowed claim of a creditor secured by a lien … is a secured claim to the extent of the value of such creditor's interest … and is an unsecured claim to the extent that the value of such creditor's interest … is less than the amount of such allowed claim.

. . . .

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void. . . .

11 U.S.C. § 506(a), (d) (1987).

Accordingly, pursuant to Section 506, the IRS retains a lien in an amount equal to the value of its interest when the Section 506 value determination occurs. The lien securing the remainder of the IRS interest is void and will not reattach or revive if the property increases in value. The difference between the total debt owed and the value of the IRS's interest in the collateral becomes merely an unsecured claim. 11 U.S.C. § 506(d). As discussed in Section III, the IRS is junior in status to the claimants whose interests vested prior to July 21, 1983. This decision does not establish value of debtor's various encumbered properties. If the parties object to property values included in debtor's plan, a separate valuation hearing will be scheduled.

## V

■ Section 6331 authorizes seizure of taxpayer's property if taxpayer, after demand, refuses to pay the tax due. Section 6331(a) requires that a notice and demand

---

**2.** This subsection reads: "[The plan may] provide for payment of allowed secured claims consistent with Section 1225(a)(5) of this title, over a period exceeding the period permitted under Section 1222(c)." 11 U.S.C. § 1222(b)(9) (1987).

**3.** This longer period of time is subject to the conditions of Section 1225(a)(5) which are not at issue here.

**4.** The Federal Land Bank, Home Federal Savings and Loan and Frontier County.

to pay be made ten days before seizure, but if the "Secretary or his delegate makes a finding that the collection of such tax is in jeopardy, notice and demand for immediate payment of such tax may be made ... and ... collection ... shall be lawful without regard to the 10–day period." IRC § 6331(a).

Debtor states that the notice required by Section 6331 was not given to debtor before the IRS seizure occurred. The IRS contends that collection of the tax was in jeopardy because the ten-year Section 6324 estate tax liens would expire on January 14, 1987, and, therefore, no notice was necessary. The IRS justification for not giving notice—the expiration of the ten-year 6324 liens—is contradictory to its arguments that the ten-year period had been tolled.

Because the Court has found that the Section 6324 liens had been extinguished, *supra*, Section I, the IRS status in relation to other security holders does not change with or without the seizure. In other words, the IRS cannot extend by seizure a lien already extinguished. Additionally, Section 6331 requires a finding by the "Secretary or his delegate" that the "collection of such tax is in jeopardy." IRC § 6331(a). The Court received no such evidence.

For purposes of this decision, the Section 6331 seizures of debtor's property are not valid.

## VI

■ Debtor's plan grants a lien in favor of the IRS on a tract of debtor's property which debtor claims is unencumbered. The IRS claims that two thirds of this property is subject to a Section 6324B lien. Since debtor voluntarily agrees to grant the IRS a lien on the entire parcel, the Court need not examine the validity of the IRS claim of a lien on two thirds of it. Debtor may grant the IRS a lien on the remaining unencumbered parcel only if the unsecured creditors are not harmed, or if the unsecured creditors do not object to the plan as proposed. No such objections have been received. Therefore, debtor may grant the lien.

*Summary*

Based on the foregoing analysis, the Court holds as follows:

1) the Section 6324 estate tax lien is divested from property transferred to a security holder and from property on which a 6324B lien has been filed;

2) the Section 6324B lien is junior in priority to liens or security interests perfected prior to July, 1983;

3) the Section 6321 lien was not filed against debtor;

4) the Court may approve a Chapter 12 plan which modifies the rights of a secured creditor, including the right to timing of estate tax payments to the IRS;

5) a prepetition lien secures only an amount equal to the value of the secured creditor's interest at the time the Section 506 valuation occurs; thus, a plan can be confirmed which voids the portion of a secured creditor's lien that exceeds the value of the collateral;

6) debtor may grant a lien on unencumbered property if either no detriment results to unsecured creditors or if unsecured creditors do not object.

If, as a result of this Memorandum Opinion, debtor's plan must be amended, debtor is granted twenty-one days to file the amendment, provide appropriate notice and give twenty-one days to object. If the plan cannot be confirmed without a further valuation hearing, any party may request it. If no amendment is necessary and no valuation hearing is necessary, debtor may submit order of confirmation.

Separate Journal Entry to be entered this date.